UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD R. HOFFMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-00724-SEB-TAB |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Order Granting Motion to Dismiss Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

In his petition for writ of habeas corpus, petitioner Edward R. Hoffman challenges his 2006 Delaware County, Indiana convictions for sexual misconduct with a minor. The respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, the respondent's motion to dismiss is **granted**, Mr. Hoffman's petition for a writ of habeas corpus is **denied**, and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

Mr. Hoffman was convicted on September 18, 2006, and sentenced on November 6, 2006. Dkt. 9-1 at 7-8. The Indiana Court of Appeals denied his appeal on October 17, 2007. *Id*. at 9. He did not petition to transfer to the Indiana Supreme Court. *Id*.

On September 16, 2010, Mr. Hoffman filed a petition for post-conviction relief. *Id*. at 10. His petition was denied by the trial court and the Indiana Court of Appeals. *Id*. at 11; dkt. 9-10. He did not petition to transfer to the Indiana Supreme Court. Dkt. 9-7. Mr. Hoffman sought permission to file successive petitions for post-conviction relief in 2017 and 2020, but was denied. Dkt. 9-11; dkt. 9-12.

On March 24, 2021, Mr. Hoffman filed the instant petition for a writ of habeas corpus seeking federal collateral review of his conviction. The respondent moved to dismiss the petition and Mr. Hoffman responded. Dkt. 9; dkt. 13. The respondent did not reply and the time to do so has passed.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review."

## III. Discussion

Mr. Hoffman's conviction and sentence became final when, after his direct appeal, he did not file a petition for transfer to the Indiana Supreme Court by the deadline of November 16, 2007. *Gonzalez v. Thaler*, 565 U.S. 134, 154, (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when

the time for seeking such review expires."). Therefore, the one-year period of limitation began running on November 17, 2007, and continued to run until it expired on November 17, 2008.

Mr. Hoffman did not file his petition for post-conviction relief until September 16, 2010, nearly three years after his statute of limitations for federal habeas had expired. Although the statute of limitations is tolled during the pendency of a petition for post-conviction relief, Mr. Hoffman's statute of limitations had already expired before he sought post-conviction relief. Therefore, his petition for habeas relief is time-barred.

Mr. Hoffman's response argues the merits of his claims and that any procedural default should be overcome by his post-conviction counsel's failure to raise his claims in state court. Dkt. 13. But his argument does not address the fact that his state post-conviction proceedings all occurred after his one-year time limit for filing a federal habeas petition had expired. His post-conviction counsel's alleged ineffective assistance does not affect Mr. Hoffman's expired statute of limitations. Mr. Hoffman has presented no argument that he was entitled to equitable tolling, and the Court sees no reason he would be. His petition is time-barred and must be **denied**.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist would dispute that Mr. Hoffman's petition is barred by the statute of limitations. Therefore, a certificate of appealability is **denied**.

### V. Conclusion

The respondent's motion to dismiss, dkt. [9], is **granted**. Mr. Hoffman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied** and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/6/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EDWARD R. HOFFMAN
161514
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov